NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000058
24-APR-2014
09:02 AM

NO. CAAP-13-0000058

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SHIRLEY PISO PICO, Claimant-Appellant, v.
KAPIOLANI MEDICAL CENTER FOR WOMEN AND CHILDREN, nka
HAWAII PACIFIC HEALTH, Employer-Appellee, Self-Insured

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2012-347)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Claimant-Appellant Shirley P. Pico (**Pico**) appeals *pro se* from the January 24, 2013 Decision and Order of the Labor and Industrial Relations Appeals Board (**Appeals Board**), which affirmed the July 19, 2012 decision of the Director of Labor and Industrial Relations (**Director**) denying Pico's request to reopen five workers' compensation claims for injuries that allegedly occurred on October 25, 1997, January 20, 1998, November 27, 1998, January 11, 1999, and July 8, 1999.

Pico's opening brief does not comply with the requirements of Hawai'i Rules of Appellate Procedure Rule 28 including, importantly, that it fails to identify any points of error or cite to the record on appeal. We, nevertheless, have attempted to review the merits of Pico's arguments. See O'Connor

v. Diocese of Honolulu, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994) ("the policies of this court are to permit litigants to appeal and to have their cases heard on the merits, where possible") (citations omitted); see also Hawaiian Props., Ltd. v. Tauala, 125 Hawai'i 176, 181 n.6, 254 P.3d 487, 492 n.6 (App. 2011).

The gravamen of Pico's appeal is her contention that the Appeals Board erred when it declined to reopen her workers' compensation claims against Employer-Appellee Kapiolani Medical Center for Women and Children, nka Hawaii Pacific Health, Self-Insured (**HPH**). Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced, applicable authorities, and the issues raised by the parties, we resolve Pico's arguments on appeal as follows:

The supreme court has held that "unchallenged factual findings are deemed to be binding on appeal[.]" Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaii 450, 459, 40 P.3d 73, 82 (2002).

Pico has not challenged the Appeals Board's findings of fact, which include that, on November 3, 2000, Pico, who was then represented by an attorney, entered into a Compromise and Settlement Agreement and Release (**Settlement Agreement**), which provided for "a full and final resolution of all five injury claims" in the cases that Pico now seeks to reopen. As stated by the Appeals Board, pursuant to the Settlement Agreement, Pico received a sum of $25,000, less approved attorney's fees, Pico's

claims were considered non-compensable by all parties, and Pico agreed to waive all her rights under Chapter 386, Hawaii Revised Statutes (**HRS**) for workers' compensation benefits, including her reopening rights under HRS § 386-89, as well as any further claims allegedly resulting from the five claims. The Settlement Agreement was approved by the Appeals Board on November 21, 2000.

On November 3, 2008, the Appeals Board entered a prior Decision and Order, which concluded, *inter alia*, that the Settlement Agreement was validly executed and approved, and precluded Pico from reopening the five workers' compensation claims. It is undisputed that no appeal was taken from that November 3, 2008 Decision and Order.

Res judicata, or claim preclusion, is a doctrine that limits "a litigant to one opportunity to litigate aspects of the case to prevent inconsistent results and multiplicity of suits and to promote finality and judicial economy." <u>Bremer v. Weeks</u>, 104 Hawai'i 43, 53, 85 P.3d 150, 160 (2004) (footnote omitted). Res judicata "prohibits a party from relitigating a previously adjudicated cause of action." <u>Id.</u> (citation and internal quotation marks omitted). We conclude that, under the doctrine of res judicata, Pico is barred from relitigating the preclusive effect of the Settlement Agreement on her attempts to reopen her five workers' compensation claims.

Accordingly, the Appeals Board's January 24, 2013 Decision and Order is affirmed.

DATED: Honolulu, Hawai'i, April 24, 2014.

On the briefs:

Shirley Piso Pico
Claimant-Appellant

Muriel M. Taira
Rebecca S. Lester
(Kessner Umebayashi Bain
 & Matsunaga)
for Employer-Appellee,
Self-Insured

Presiding Judge

Associate Judge

Associate Judge